IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREEN TREE SERVICING, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 C 888 |
| | ) | |
| MILTON WILLIAMS, U.S. BANK | ) | |
| NATIONAL ASSOCIATION, | ) | |
| VILLA OAKS CONDOMINIUM | ) | |
| ASSOCIATION, UNKNOWN OWNERS, | ) | |
| and NON-RECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

JAMES F. HOLDERMAN, District Judge:

On October 16, 2013, Plaintiff Green Tree Servicing, LLC ("Green Tree") filed a complaint to foreclose on a mortgage in the Circuit Court of Cook County (Dkt. No. 7, Ex. A, "Compl." or "Complaint"), against Milton Williams ("Mr. Williams"), U.S. Bank National Association ("U.S. Bank"), Villa Oaks Condominium Association ("Villa Oaks"), and unknown owners and non-record claimants (collectively, "Defendants"). Mr. Williams was served via publication in the Chicago Daily Law Bulletin on November 29, 2013, at the latest. (Dkt. No. 7, Ex. B, at 7.) On February 10, 2014, seventy-three days after Mr. Williams was served, he filed a notice removing the case to the United States District Court for the Northern District of Illinois, Eastern Division. (Dkt. No. 1, the "Notice of Removal".)

Before the court is Green Tree's "Motion to Remand Pursuant to 28 U.S.C. 1447(c)" (Dkt. No. 6, the "Motion to Remand"), accompanied by a supporting memorandum (Dkt. No. 7, "Def's Mem.") Green Tree argues this matter should be remanded to the Circuit Court of Cook

1

County, because the Notice of Removal was untimely and not joined by all Defendants. (Def's Mem. at 2-5.) Additionally, Plaintiff argues that this court lacks jurisdiction over the matter, in the absence of a federal question and diversity jurisdiction. (*Id*. at 5-7.) For the reasons set forth below, this court grants Green Tree's Motion to Remand.

## BACKGROUND

As mentioned above, Green Tree filed a complaint against Defendants to foreclose on a mortgage in the Circuit Court of Cook County. (Dkt. No. 7, Ex. A.) In this case, Mr. Williams, the unknown owners, and non-record claimants were served via publication in the Chicago Daily Law Bulletin on November 29, 2013, at the latest. (Dkt. No. 7, Ex. B, at 7.)

Under Illinois law, service by publication is accomplished through publishing the details of a suit in a newspaper in the county where the suit is pending. *See* 735 ILCS 5/2-206(a). When a defendant cannot be found in spite of due inquiry, the Illinois Code of Civil Procedure permits a plaintiff to file an affidavit, to that effect, with the clerk of court where the action is pending. *Id*. After this affidavit is filed, the clerk may effectuate service by publication. *Id*.[1]

Before service by publication can occur in Cook County, the local rules also require the actual individual, who inquired into a defendant's whereabouts, to file an affidavit. *See* Cook Cnty. Local R. 7.3. This affidavit must set forth what actions were taken to attempt to locate the defendant. *Id*.

Here, Green Tree filed the affidavits required under Section 2-206 of the Illinois Code of Civil Procedure and Cook County Local Rule 7.3 on November 12, 2013. (Def's Mem., Ex. B, at 1-6.) Notice of the action was then published in the Chicago Daily Law Bulletin on November

---

[1] Numerous courts have held that service by publication in this fashion satisfies the requirements of due process. *See, e.g., Schultz v. Walker*, 130 F.2d 907, 909 (7th Cir. 1942) (compiling cases); *US Bank, NA v. Matthews*, No. 04-1211, 2005 WL 2709295, at *3 (N.D. Ill. Oct. 20, 2005) (Keys, M.J.) (compiling cases).

15, 22, and 29, 2013.  (*Id*. at 7.)  The Chicago Daily Law Bulletin executed its Certificate of Publication on November 29, 2013.  (*Id*.)  Service of process by publication, therefore, was affected on Mr. Williams, the unknown owners, and non-record claimants at the very latest on November 29, 2013.

Again, seventy-three days passed until Mr. Williams filed the Notice of Removal on February 10, 2014, seeking to remove this case from Cook County Circuit Court to the United States District Court for the Northern District of Illinois, Eastern Division.  (Dkt. No. 1.)  The Notice of Removal was not joined by any of the other defendants in this action.  (*Id*.)  Mr. Williams filed the Notice of Removal, despite the fact that Mr. Williams is an Illinois resident.  (Def's Mem. at 6.)

## **LEGAL STANDARD**

Green Tree moves to remand this case to Cook County Circuit Court under 28 U.S.C. § 1447(c).  That provision reads in relevant part as follows:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . .  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . .  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court.  The State court may thereupon proceed with such case.

*Id*.

When ruling on a motion to remand, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand.  *Battle v. Countrywide Home Loans, Inc.,* No. 05-3022, 2005 WL 2284250, at *1 (N.D. Ill. Sept.15, 2005)  (Der-Yeghiayan, J.)  The burden of establishing federal jurisdiction falls on the party seeking removal from state court.  *Doe v.*

3

*Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise, barring exceptions inapplicable to this case. *See Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 768 (7th Cir. 2011) (quoting 28 U.S.C. 1447(d)).

## ANALYSIS

**1. Mr. Williams' Defective Notice of Removal**

*a. Mr. Williams' Untimely Filing*

This court rejects the Notice of Removal as untimely. Notice of removal must be filed within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleadings setting forth a claim for relief. 28 U.S.C. § 1446(b)(1). Here, as discussed above, Mr. Williams was served via publication under Illinois law on November 29, 2013, at the latest. *See supra* at 2-3. Mr. Williams, however, waited seventy-three days to file his notice of removal on February 10, 2013. *Id*. Due to this delay, Mr. Williams failed to satisfy Section 1446(b)(1)'s 30 day requirement, and his notice was untimely.

The service Mr. Williams received was adequate to trigger Section 1446(b)(1)'s 30 day requirement, based on Supreme Court precedent contemplating this category of service. In *Murphy Brothers., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the Court engaged in an extensive discussion of Section 1446(b). The Court explained that state procedures for service of summons, and filing or serving a complaint, fit into four main categories. *Id*. at 354. The Court described the forth category as a complaint being "filed in court prior to any service" and then "the removal period run[ning] from service of the summons." *Id*. Here, Green Tree filed its complaint in court prior to service on October 16, 2013 (Dkt. No. 7, Ex. A), and Mr.

4

Williams' summons was later served through publication on November 29, 2013 at the latest, (Dkt. No. 7, Ex. B, at 7).

### b. *Mr. Williams Failure to Join All Defendants*

The court also finds that the Notice of Removal was defective, because none of the other Defendants joined Mr. Williams in this filing. (Dkt. No. 1.) As mentioned above, Green Tree filed its Complaint in Cook County, against Mr. Williams, U.S. Bank, Villa Oaks, and unknown owners and non-record claimants. (Dkt. No. 7, Ex. A.) In spite of this fact, the Notice of Removal only bears the signature of Nema Aku El, or Mr. Williams' alias. The Notice of Removal, additionally, states that only "Defendant Nemu Akhu El . . . removes the above-captioned action to the United States District Court for the Northern District of Illinois – Eastern Division."[2]

As a general rule, valid removal from state to federal court requires the unanimous consent of all defendants. *See, e.g., Pettit v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010); *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). The Seventh Circuit has justified this rule through its interpretation of language contained in 28 U.S.C. § 1441(a). *Pettit*, 606 F.3d at 343. Section 1441(a) states "[e]xcept as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by *the defendant or the defendants*." (emphasis added). The Seventh Circuit interpreted the italicized language to mean that all defendants must consent to removal. *Pettit*, 606 F.3d at 343.

---

[2] Throughout this proceeding, Mr. Williams has insisted upon addressing himself, and being addressed, as "Nema Akhu El." On information and belief, Green Tree has represented that Nema Akhu El and Mr. Williams are the same person. (Def's Mem. at 1 n.2.) Mr. Williams has not provided persuasive evidence to contradict this representation. The court, therefore, accepts Green Tree's representation as true.

This general rule, however, has been explicitly codified through amendment to 28 U.S.C. § 1446. Section 1446 now reads, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."

There are exceptions to this general rule that various courts in this district have set forth. *See, e.g., Willey v. Midwest Telecomm. Sys., Inc.*, No. 20220, 1991 WL 166980, at *1 (N.D. Ill. Feb. 11, 1991) (exception for unknown defendants, nominal and formal parties, and defendants fraudulently joined); *Gallagher v. Max Madsen Mitsubishi*, No. 90-0508, 1990 WL 129611, at *7 (N.D. Ill. Aug. 27, 1990) (exception where plaintiff's claim against removing defendant was separate and independent from the other claims in the suit); *Carver v. Sears Roebuck & Co.*, No. 86-7339, 1986 WL 11380, at *1 (N.D. Ill. Oct. 6, 1986) (exception for defendant not yet served).

None of these exceptions, however, saves Mr. Williams' Notice of Removal. First, the unknown defendants exception is inapplicable to the Notice of Removal. Even though Green Tree added "unknown defendants and non-record claimants" as defendants, Green Tree also brought the Complaint against other, actually known legal entities, or U.S. Bank and Villa Oaks. (Dkt. No. 7, Ex. A, at 2-3.) Neither U.S. Bank nor Villa Oaks joined Mr. Williams' Notice of Removal as required by the general rule of unanimous defendant consent for removal. (Dkt. No. 1.)

The nominal and formal party exception fails to save the Notice of Removal, because both U.S. Bank and Villa Oaks are real parties in interest. U.S. Bank holds an interest or lien on the mortgaged real estate as security for a $16,500 note. (*Id*. at 2.) Villa Oaks, as the condominium association for the mortgaged property, also has a real interest in the property, due to unpaid assessments and other charges. (*Id*. at 3.)

There is additionally no indication that Green Tree fraudulently joined U.S. Bank or Villa Oaks, or that Green Tree failed to serve them. Finally, because Green Tree alleges that U.S. Bank and Villa Oaks have an interest in the property to be foreclosed upon (*id.* at 2-3), their claims are hardly separate and independent from the foreclosure proceeding Mr. Williams seeks to remove.

### c. Mr. Williams' Failure to Respond

Mr. Williams' response to Green Tree's Motion for Remand (Dkt. No. 12) fails to address the arguments that the Notice of Removal must be rejected as untimely and for failure to join all defendants. In addition to considering these arguments substantively correct, the court also finds that Mr. Williams conceded them for failure to respond. *See MCI Worldcom Net. Servs., Inc.,* No. 02–4394, 2006 WL 3542332, at *6 (N.D. Ill. Dec. 6, 2006) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession.").

This court has taken seriously its responsibilities to Mr. Williams as a *pro se* plaintiff, viewed his Notice of Removal and briefing with an "understanding eye", and given them "fair and meaningful consideration". *See Donald v. Cook Cnty. Sheriffs Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, it is not the court's responsibility "to become an advocate" for Mr. Williams, *id.*, nor to grant him special dispensation for his failure to respond or procedural mistakes, *see Schaefer v. Newton*, No. 94-2821, 1995 WL 349977, at *2 (7th Cir. June 7, 1995) ("Although *pro se* pleadings are construed liberally, there is no lower standard when it comes to rules of evidence and procedure.").[3]

---

[3] Mr. Williams also filed a sur-reply (Dkt. No. 14) ignoring the procedure of first seeking leave from the court. This filing is stricken, because Mr. Williams was not permitted to obtain the last word in this briefing without leave. *See R.J. Corman R.R. Co., LLC v. Int'l Union of Operating*

## 2. This Court's Lack of Jurisdiction

In addition to the Notice of Removal being defective, the court remands this case to Cook County Circuit Court for lack of jurisdiction. The court lacks jurisdiction in this case, because a mortgage foreclosure action does not raise federal questions and diversity is lacking.

*a. Mortgage Foreclosure and a Federal Question*

The court cannot base jurisdiction in this case upon the presence of a federal question. Under 28 U.S.C. § 1331, district courts have original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States. The Complaint asserts nothing more than a mortgage foreclosure action under Illinois law. (Dkt. No. 7, Ex. A.)

The Seventh Circuit and other courts in this district have long held that state mortgage foreclosure proceedings, in and of themselves, do not raise a federal question. *See, e.g., Hilgeford v. Peoples Bank*, 776 F.2d 176, 178 (7th Cir. 1985) (holding an action involving "only [a] mortgage foreclosure" was "proper for state court determination, not federal court", and "[l]and title and possessory actions are generally not the business of federal courts."); *Bristol Oaks, L.P. v. Chapman*, No. 95-7145, 1996 WL 73654, at *2 (N.D. Ill. Feb. 16, 1996) (Kocoras, J.); *GMAC Assocs., Inc. v. Devon Bank*, No. 92-3347, 1993 WL 86802, at *2 (N.D. Ill. Mar. 23, 1993) (Zabel, J.) (holding foreclosure "does not turn on an interpretation of [] federal law" and "foreclosure complaint remains an action between private parties to determine the contractual rights to private property").

---

*Eng'rs*, No. 00-4119, 2000 WL 1720438, at *1 n.1 (N.D. Ill. Nov. 15, 2000) (Shadur, J.) Again, even though Mr. Williams is a *pro se* plaintiff, he was not entitled to special procedural treatment. *See Schaefer*, 1995 WL 349977, at *2.

*b. Diversity and a Forum Defendant*

This litigation was also not removable on diversity grounds. A civil action removable solely on the basis of diversity jurisdiction may not be removed if any of the parties in interest, properly joined and served as a defendant, is a citizen of the state where the action is brought. 28 U.S.C. § 1441(b)(2). In this case, Mr. Williams listed his address on his appearance form as the subject property in Oak Park, Illinois (Dkt. No. 3), and Green Tree filed this litigation in the Circuit Court of Cook County, Illinois (Dkt. No. 1). Under Section 1441(b)(2), removal on diversity grounds consequently would be improper.

The Seventh Circuit and other courts in this district have stated on numerous occasions that removal of a non-federal-question case is improper when a properly joined defendant was a citizen of the forum state. *See, e.g.*, *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 625 (7th Cir. 2013) ("The purpose of [the forum defendant] rule is to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party."); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000) (substantially similar); *Holmstrom v. Harad*, No. 05-2714, 2005 WL 1950672, at *1 (N.D. Ill. Aug. 11, 2005) (Aspen, J.) (recognizing above rule, colloquially referred to as the "forum defendant" rule).

## **CONCLUSION**

For the reasons set forth above, Green Tree's "Motion to Remand Pursuant to 28 U.S.C. 1447(c)" (Dkt. No. 6) is granted. This case is remanded to the Circuit Court of Cook County, Illinois. Mr. Williams' notice of removal (Dkt. No. 1) was defective, because it was untimely and failed to join necessary defendants. This court, additionally, lacks jurisdiction to hear Mr. William's case, because it does not present a federal question and diversity removal is improper.

The court construes Defendant's motion to dismiss and objection notice (Dkt. No. 12) as a response to Plaintiff's motion to remand and is therefore moot.    Civil case terminated.

ENTER:

_____
JAMES F. HOLDERMAN
United States District Judge

Date:   June 24, 2014